UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

FILED
MAY 1 6 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DENICE MORGAN
315 Belgrave Court
Atlanta, GA 20221

    Plaintiff

v.

Michael L. Dominguez
The Secretary of the Air Force
1670 Air Force Pentagon
Washington, DC 20330-1670

    Defendant.

Also Serve:

The United States Attorney
   for the District of Columbia
555 4th Street, NW
Washington, DC 20001

    and

The Attorney General of the United States
10th & Constitution Ave., NW
Washington, DC 20530

Civil No. _____

CASE NUMBER: 1:05CV0967

JUDGE: ROSEMARY M. COLLYER

DECK TYPE: ADMN. AGENCY REVIEW

DATE STAMP: 05/16/05

## COMPLAINT

This is a complaint for declaratory judgment and other relief seeking to declare Defendant's decision denying relief to Plaintiff to have been in error.

## JURISDICTION

1. Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and the Administrative Procedure Act, 5 U.S.C. § 702 et seq.

## VENUE

2. Venue is proper as the Defendant is found in the district.

## PARTIES

3. Plaintiff, Denice Morgan, is a retired Air Force service member who retired as a master sergeant in 1992.

4. Defendant, Michael L. Dominguez, in his official capacity is the Secretary of the Air Force.

## FACTS

5. On January 23, 1998, Plaintiff filed a DD Form 149 with the Air Force Board for Correction of Military Records (AFBCMR) seeking retroactive promotion to senior master sergeant, reinstatement of her AFSC 10090 and the option to be reinstated on active duty or retire.

6. On March 19, 1992, promotion selections for senior master sergeant were announced. Plaintiff was not selected. The board was for the cycle 93S8.

7. The Air Force employs a point system for promotion selection. There are two scores utilized to reach a combined score. One of the scores, the weighted score, is grounded in quantifiable and objective criteria. The other score, the board score, is subjective but is based on a review of an individual's total record and is ascribed by the then sitting board to each individual considered for promotion. The combination of the weighted score and the board score results in the total score. A cutoff score for promotion is established. Those above the cutoff are selected. Those below are not.

8. The cutoff for Plaintiff's 93S8 board was 706.64. Plaintiff received a weighted score of 317.73 and a board score of 367.50. The combination of 685.33 was 21.31 points below the cutoff.

9. Plaintiff did not dispute the objective weighted score. Plaintiff did, however, vigorously dispute the board score.

10. Multiple inquiries were made to the Secretary of the Air Force by members of Congress and others regarding the fairness of the selection process associated with the 93S8 board.

11. The Air Force's response to these inquiries was to convene a special evaluation board on December 16 and 17, 1996.

12. The board was held at the Air Force Personnel Center, Randolph AFB, Texas. The three panel members of the board mirrored the profile of the original 93S8 panel members. All procedures of a normal evaluation board were used. The special evaluation board members were not informed of the specific purpose of the review.

13. Plaintiff was considered by a selection board in 1991. At that board Plaintiff's board score was 397.5, a full 30 points higher than 367.5 ascribed by the 93S8 board.

14. The special evaluation board rescored all individuals who dropped 30 points from 1991 to 1992, 93S8 board.

15. This amounted to 78 records being rescored.

16. The special evaluation board awarded Plaintiff a board score of 390 or 22.5 points higher than the 93S8 board.

17. When combined with the unchanged and objective weighted score, Plaintiff's new combined score was 707.23, placing Plaintiff 1.41 points over the cutoff for promotion.

18. Plaintiff asserted in the January 23, 1998 AFBCMR filing that this new combined score warranted the relief requested, i.e. retroactive promotion to senior master sergeant.

19. On April 19, 1998, the AFBCMR denied relief opining that the 390 board score awarded by the special evaluation board was irrelevant to the promotion selections made by the 93S8 because:

   a. The entire population seen by the 93S8 board was not seen by the special evaluation board.

   b. Plaintiff's relative standing between the 93S8 board and the special evaluation board did not change.

   c. Plaintiff should not be promoted based on supposition as that would be grossly unfair to other senior enlisted personnel.

20. Plaintiff continued to seek agency action. On December 22, 1998, then the Secretary of the Air Force reviewed the case and refused to grant relief.

21. On May 18, 1999, the AFBCMR provided an additional opinion and findings opining that the special evaluation board "was convened solely to determine MSgt Morgan's relative position compared to other master sergeant's considered by the original promotion board." This was a new finding, not articulated in the April 29, 1998 decision. Further, the board said, "[I]n the absence of clear-cut evidence the special evaluation board was convened to officially provide reconsideration for promotion to MSgt Morgan. At the exclusion of the other nonselectees who experience similar decreases in board scores by the same board panel, further consideration of her case is not warranted." This, too, was a new finding and not articulated in the April 29, 1998 decision.

22. Yet again on June 9, 2003, Plaintiff sought agency review from Defendant. On September 4, 2003, final agency action was taken when Defendant's delegee reviewed the case and denied relief.

23. The special evaluation board was an officially convened and duly authorized board. Its purpose was to rescore Plaintiff's board score for the 93S8 board. It did so resulting in a promotable score. Accordingly, Defendant's failure to cause Plaintiff's promotion was error.

## CLAIM FOR RELIEF

24. The failure of Defendant and Defendant's delegees to grant Plaintiff relief was arbitrary and capricious, an abuse of discretion and contrary to law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court order Defendant to promote Plaintiff to the rank of senior master sergeant as if she were selected for promotion by the 93S8 selection board and such further relief as this Court deems just and proper.

Respectfully submitted,

DENICE MORGAN
By Counsel

Harvey J. Volzer, DCB 263525
216 South Patrick Street
Alexandria, VA 22314
(703) 549-0446
(703) 549-0449 facsimile
Counsel for Plaintiff


Fred Goldberg, DCB 279893
7101 Wisconsin Avenue, Suite 1201
Bethesda, MD 20814
(301) 654-3300
(301) 654-1109
Counsel for Plaintiff