UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENICE MORGAN )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETE GEREN, Acting Secretary of the Air Force,[1] )<br>)<br>)<br>Defendant. )<br>) | Civil Action No.: 05-0967 (RMC) |

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to LCvR 7.1(h), Defendant Pete Geren, Acting Secretary of the Air Force, respectfully submits this statement of material facts as to which there is no genuine dispute.

1. Plaintiff, Denice Morgan, is a former member of the United States Air Force ("Air Force") who retired as a master sergeant (E-7) on August 1, 1995. AR[2] at 3; Compl. ¶ 3.

2. The Air Force employs a point system for promotion selection. The overall promotion score is a combination of (a) a weighted score using quantifiable and objective criteria and (b) a board score, which is based upon a subjective review of a service member's total record by members sitting on a promotion board. Compl. ¶ 7; AR at 284-87. A promotion board convenes each year to consider those eligible for promotion in a career field ("AFSC"). AR at 282, 287-88.

3. Applicants' board scores may vary between panels from year to year. AR at 288.

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Pete Geren, Acting Secretary of the Air Force should be automatically substituted as the defendant in this action in place of his predecessor in office, Michael Dominguez.

[2] Citations to "AR at __" refer to the administrative record of the Air Force Board for Correction of Military Records filed simultaneously with this brief.

All applicants competing within a career field are reviewed by a single panel, and all of the applicants' records are evaluated under the same standard. The numerical score given by a panel is not significant. Rather, an individual's relative position compared to others within their career field affects whether or not he or she is promoted. Id.

4. After the board finishes scoring all records, the weighted factor scores are combined with the board scores, and the scores are listed in order of merit. The overall promotion quota is then applied to the list. AR at 288. A member is selected for promotion if her overall promotion score is within the established quota. The scores below the quota are not selected for promotion. Compl. ¶ 7.

5. On March 19, 1992, Plaintiff was considered, but not selected, for promotion to senior master sergeant (E-8) for cycle 93S8 (hereinafter the 93S8 board). Compl. ¶ 6. The overall score required for promotion in the First Sergeant career field was 706.64. With a weighted score of 317.73 and a board score of 367.50, Plaintiff's overall promotion score was 685.23, which was 21.4 points below the quota cutoff score. Compl. ¶ 8; AR at 24, 304.

6. At the 93S8 board, the average board score for all members in Plaintiff's career field (First Sergeant) was 367.68; the average board score for members selected for promotion to E-8 was 415.13, compared to Plaintiff's board score of 367.50. AR at 304.

7. Plaintiff's board score at the 93S8 board was 30 points lower than the 397.50 board score she received a year earlier at the 92S8 board. Compl. ¶ 13; AR at 19.

8. Plaintiff disputed her board score and made multiple inquiries to the Secretary of the Air Force and members of Congress, questioning the fairness of the 93S8 board. See, e.g., Compl. ¶¶ 9, 10.

9. Colonel Thomas W. Arbaugh, Director of Personnel Management for the Air Force Personnel Center, conducted a technical review of the 93S8 board. Colonel Arbaugh found Plaintiff's board score at the 93S8 board to be correct. He found that the ballots used by the panel members did not indicate any improprieties and that the panel members all scored her record within a half-point range. Her promotion selection folder contained the proper records. AR at 315. In addition, he opined that comparing Plaintiff's 93S8 board score to other boards had little value, as panels may score records substantially higher or lower than the preceding board. Colonel Arbaugh's memorandum stated:

> The only useful comparison is the relative standing of the eligibles based on total score. Last year, MSgt Morgan ranked 130th among 938 eligible first sergeants. This year, she was 134th among 985 eligibles. Her relative standing didn't change very much, even with the change in her board score.

10. In June 1993, Plaintiff requested a congressional inquiry and sent a letter to Congressman Ronald V. Dellums, in which she blamed her nonselection for promotion to E-8 on "institutionalized racial and sexual discrimination" in the Air Force promotion system. AR at 80-81. Congressman Dellums then made an inquiry to the Air Force regarding Plaintiff's allegation. See AR at 82.

11. By letter dated August 18, 1993, the Department of Defense, Office of the Inspector General ("DoD/IG"), informed Congressman Dellums that the Air Force had previously conducted two inquiries on behalf of Plaintiff. AR at 82. The first inquiry found that Plaintiff voluntarily left the First Sergeant career field[3] after receiving two counselings between

---

[3] On June 2, 1992, Plaintiff requested release from the First Sergeant career field. AR at 64. Her request was approved. AR at 77.

February and April 1992 for poor performance and being given the option of voluntarily leaving the First Sergeant career field or being involuntarily removed. AR at 82-83. The second inquiry concerning her allegations of race and gender discrimination found that an officer had made an inappropriate remark in the presence of Plaintiff, which resulted in the officer's removal from Plaintiff's rating chain. The inquiry did not substantiate any of Plaintiff's other allegations. AR at 83. DoD/IG informed the Congressman that it reviewed both inquiries and found them "thorough and objective." Id. In addition, DoD/IG reviewed Plaintiff's complaint regarding her nonselection for promotion by the 93S8 board and a technical review found Plaintiff's board score to be correct. "The review concluded that, although her 1992 score [at the 93S8 board] had declined, her overall standing was not affected in that she was ranked 130th among 938 eligibles in 1991 [at the 92S8 board] and 134th among 985 eligibles in 1992 [at the 93S8 board]." AR at 84. The response also stated that if Plaintiff wished to appeal her nonselection for promotion, she could petition the Air Force Board for Correction of Military Records (AFBCMR). Id.

12.     On September 12, 1993, Plaintiff applied for relief to the AFBCMR. Plaintiff alleged that her nonselection to E-8 was due to improper scoring, sabotage, or unjust administrative error and requested retroactive promotion as of the 93S8 board. AR at 30. In addition, Plaintiff alleged that she had been coerced into leaving the First Sergeant career field. AR at 34-38.

13.     The AFBCMR, in a decision dated December 14, 1993, found that "[i]nsufficient evidence has been presented to demonstrate the existence of probable error or injustice." AR at 27. According to the AFBCMR, there was no evidence that Plaintiff's records had been improperly scored, and a thorough review of the 93S8 board's promotion process indicated that

Plaintiff's records were correct at the time she was considered for promotion. Moreover, Plaintiff's past promotion board scores were found to be irrelevant to her 93S8 board score, as scores vary substantially among different promotion boards. See AR at 27-28. Citing the 1992 technical review of the 93S8 board, the AFBCMR also noted that Plaintiff's relative standing to other promotion eligibles did not dramatically change from the 92S8 board to the 93S8 board. See AR at 28, 315. The AFBCMR concluded that in the absence of evidence that Plaintiff was denied fair and equitable consideration for promotion to E-8 at the 93S8 board, it could not recommend favorable consideration of her request for retroactive promotion. AR at 28.

14. By letter dated June 15, 1994, Plaintiff requested an urgent meeting with the Secretary of the Air Force regarding the impropriety of the AFBCMR's action on her case, as well as the sabotaging of her promotion and the sexual harassment/discrimination she allegedly had endured. AR at 447. The Executive Director of the AFBCMR, C. Bruce Braswell, responded to Plaintiff on June 21, 1994, and informed Plaintiff that her concerns already had been exhaustively reviewed by the Air Force and the Department of Defense and that no evidence was found to support her allegation that she was denied fair and equitable consideration for promotion to E-8 or forced out of the First Sergeant career field. AR at 454. The response stated that the AFBCMR could reopen her case only upon the presentation of new relevant evidence. Id.

15. At the request of Congressman Floyd D. Spence, the Air Force convened a special evaluation board in December 1996 to determine Ms. Morgan's relative position when compared with other members who experienced a 30-point or greater drop in their board scores between the 92S8 and 93S8 boards. Of the 131 records that received at least a 30-point drop, 19 records were

5

either not retrievable or incomplete, and 34 records were eliminated from the special review based on obvious discrepancies, such as containing nonjudicial punishment under Article 15, UCMJ. Thus, the special evaluation board evaluated 78 records using the same procedures as a regular evaluation board. The panel members mirrored the profile of the original 93S8 panel and were not informed of the specific purpose of the evaluation. The special evaluation board panel scored Ms. Morgan's record as a 390.00. Compl. ¶¶ 11-12, 14-16; AR at 13-14; 466.

16.   The Air Force notified Congressman Spence about the results of the special evaluation board in a letter dated January 17, 1997. AR at 13-14, 518-19.

17.   On January 14, 1998, Congressman Dellums asked Rodney A. Coleman, Assistant Secretary of the Air Force for Manpower, Reserve Affairs, Installations and Environment, to have the AFBCMR reconsider Ms. Morgan's promotion based upon the special evaluation board. AR at 477.

18.   Based on these results of the special evaluation board, Plaintiff submitted a second application for relief to the AFBCMR on January 23, 1998. She requested retroactive promotion to E-8 as if selected by the 93S8 board, reinstatement into the First Sergeant career field, removal of the stigma from her career, and the option of being reinstated. Compl. ¶¶ 5; 18; AR at 9.

19.   The Air Force Personnel Center's Enlisted Promotions & Military Testing Branch provided an advisory opinion on the promotion issue to the AFBCMR.[3] AR at 466-67.

---

[3] An advisory opinion was also provided to the AFBCMR on the issue of Plaintiff's reinstatement as First Sergeant. AR at 468. The opinion concluded that since Ms. Morgan was voluntarily released from the First Sergeant career field, if she was still on active duty, she could request reinstatement. Id.

      a.      The advisory opinion noted that when the special evaluation board was convened to determine Plaintiff's relative position compared to other members also experiencing a 30-point board score drop between the 92S8 and 93S8 boards, she received a board score of 390.00. This placed her record in the top 23% of the 78 records reviewed. AR at 466. By comparison, of the 131 records experiencing a 30-point or greater drop between the 92S8 and 93S8 boards, 29 of the records received 93S8 board scores that were equal to or higher than Ms. Morgan's 93S8 board score of 367.50. This placed her record in the top 22% of these 131 records. Id.

      b.      The opinion stated that because the records reviewed by the special evaluation board did not include all of the 985 records constituting the entire First Sergeant career field population that were scored at the 93S8 board, Plaintiff's special evaluation board score of 390.00 could not be used to assert a higher position than the 61 percent of records who scored equal to or higher than Plaintiff for the 93S8 board. Id. According to the advisory opinion, "[t]he fact that her record ended up in virtually the same position among the group of records reviewed by this [special evaluation board] panel affirms the relativity which was established by the original 93S8 board." Id. The advisory opinion concluded that "the results of this special evaluation panel only served to further validate the fairness and accuracy of the original 93S8 board." AR at 467.

20.      In a memorandum to the AFBCMR dated March 18, 1998, Plaintiff responded to the advisory opinion, asserting that the special evaluation board demonstrated that her record had been unfairly evaluated at the 93S8 board, and that she should be retroactively promoted to E-8. AR at 470-74.

21.      On April 29, 1998, the AFBCMR completed its reconsideration of Plaintiff's case

and denied Plaintiff's application for records correction. Compl. ¶ 19; AR at 2-8.

    a.    The AFBCMR concluded that "[i]nsufficient relevant evidence has been presented to demonstrate the existence of either an error or injustice warranting favorable action on [Ms. Morgan's] request . . ." AR at 7. The AFBCMR stated:

> We find the extraordinary actions by the Air Force in convening an unofficial evaluation board to evaluate certain records of those individuals who had received a 30-point decrease in points between the 92S8 and 93S8 cycles extremely troublesome. And, had the applicant attained the highest score of the records scored by this mock board, we may have reached an entirely different result. However, after carefully reviewing the scores of the 78 records that were evaluated, we are not persuaded the score received by the applicant results in the inescapable conclusion that she should have received a sufficient score to have been a selectee for senior master sergeant during the 93S8 cycle. As noted by the Air Force, her receipt of a 390 score by the mock evaluation board placed her in the top 23% of the 78 records scored. By comparison, of the 131 records experiencing a drop in board score of 30 points or more between the 92S8 and 93S8 boards, 29 of the original 93S8 board scores were equal to, or higher than, the applicant's 367.50. Furthermore, because the makeup of the review group records did not include the entire First Sergeant population for the 93S8 cycle (985 records), the 390.00 score she received by this panel cannot be used to assert a higher position than among the top 61% for the 93S8 board (there were 534 or 54% who had a higher board score than applicant's 367.50 and 65 or 7% who had the same board score as she). The fact that her record ended up in virtually the same position among the group of records reviewed by this panel affirms the relativity which was established by the original 93S8 board.

Id.

    b.    According to the AFBCMR, Plaintiff was treated no differently than any other member who competed for promotion at the 93S8 board and there was no evidence that her records were improperly or inaccurately scored. Id. Furthermore, the AFBCMR found that Plaintiff failed to submit "one shred of evidence" to indicate that the 93S8 panel members did

8

not perform their sworn duty of serving without prejudice or partiality.  Thus, "to promote the applicant based solely on supposition would be grossly unfair to the hundreds of senior enlisted members that have received variances in scores between promotion cycles in the past."  Id.

22.     After the AFBCMR denied Plaintiff's request for relief, Plaintiff, her counsel at the time, and members of Congress asked the Secretary of the Air Force to intervene in her case.  AR at 505-07, 523-24, 531-33, 535-36, 573-74, 590-91, 643, 694.  These requests were denied since Plaintiff's case had previously been adjudicated by the AFBCMR.  AR at 529-30, 534, 575, 592, 637.

23.     On May 18, 1999, the Executive Director of the AFBCMR responded to one of Plaintiff's counsel's requests for additional information.  Compl. ¶ 21; AR at 545-46.  The response informed Plaintiff's counsel at the time, Ward K. Johnson, that:

> . . . as we previously informed you, the Air Force's position is the special evaluation board was convened solely to determine MSgt Morgan's relative position compared to other master sergeants considered for promotion by the original promotion board who had experienced a drop in board score of 30 points or more between the 92S8 and the 93S8 promotion cycles.
>
> In view of the foregoing, and in the absence of clear-cut evidence the special evaluation board was convened to officially provide reconsideration for promotion to MSgt Morgan, at the exclusion of the other nonselectees who experienced similar decreases in board scores by the same board panel, further consideration of her case is not warranted.

AR at 546.

24.     On June 9, 2003, Plaintiff wrote a letter to James G. Roche, Secretary of the Air Force, asking for help with her case and alleging that the AFBCMR was in "Contempt of Congress" by denying her request for retroactive promotion.  Plaintiff also alleged misconduct by

Mr. Burton, the Executive Director of the AFBCMR, because he "deceived/manipulated" of two former Secretaries of the Air Force as to the merits of Ms. Morgan's promotion request. Compl. ¶ 22; AR at 573-74.

25. On July 9, 2003, Mr. Burton responded to Plaintiff's letter to Secretary Roche. AR at 575. The response stated that it would be inappropriate for anyone to unilaterally intervene on her behalf, and since there was the absence of any new relevant evidence, further review of her case was not possible. Id.

26. On September 4, 2003, Michael L. Dominguez, Assistant Secretary of the Air Force for Manpower and Reserve Affairs, also responded to Plaintiff. Mr. Dominguez informed Plaintiff that there was no basis to set aside either the 1993 AFBCMR decision or its 1998 reconsideration decision, as both panels of the AFBCMR considered all available evidence and conscientiously acted on her case. AR at 577.

27. Plaintiff continued to make repeated similar requests of members of Congress and of the Secretary of the Air Force, see AR at 578, 638, 693-95, 705, and in March 2005, she again asked the AFBCMR to reconsider its April 1998 decision. The AFBCMR denied Plaintiff's request for reconsideration in April 2005, stating that the documents provided by Plaintiff failed to meet the criteria for reconsideration. AR at 704.

28. Plaintiff filed a complaint in this Court on May 16, 2005. See Compl.

Dated: September 20, 2005          Respectfully submitted,

                                   /s/
                                   KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                   United States Attorney

    /s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


    /s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220


Of Counsel:
P. CHRISTOPHER CLARK
Lt Col, USAF
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA  22209-2403
(703) 696-9119